## John A. Hoffman, Appellee, v. Chicago & Northwestern Railway Company, Appellant.

### Gen. No. 6,397.   (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. John M. Niehaus, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 19, 1917.

### Statement of the Case.

Action by John A. Hoffman, plaintiff, against the Chicago & Northwestern Railway Company, defendant, to recover damages for the overflowing of plaintiff's land caused by the obstruction of the flow of water in a stream by the construction of a high embankment. From a judgment for plaintiff for six hundred dollars, defendant appeals.

Stevens, Miller & Elliott, for appellant.

Sheen & Galbraith, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

### Abstract of the Decision.

1. Railroads, § 348*—*when exclusion of evidence as to basis of assessment of damages for overflow of land in prior action is erroneous.* In an action against a railroad for damages to land caused by the construction of a solid embankment about two hundred feet from such land, and adjacent to a solid embankment erected by another railroad, thus leaving no outlet for a natural water course which, before such construction, ran across the defendant's right of way, and causing the water to back up and overflow the plaintiff's land, where it appeared that in a prior action damages had been assessed to the plaintiff and the plaintiff claimed that the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hoffman v. Chicago & Northwestern Ry. Co., 205 Ill. App. 197.

judgment in the former action was *res judicata*, and the offer of the defendant to prove that the damages in the former action were not in fact assessed on the theory of law that the defendant was liable for the entire damage, and that in fact it was not liable for the entire damage was denied, *held* that the refusal to permit the introduction of the evidence offered was error.

2. RAILROADS, § 348*—*when exclusion of evidence in action for damages for overflow due to construction of embankment is erroneous.* In an action against a railroad for damages to land caused by the construction of a solid embankment about two hundred feet from such land, and adjacent to a solid embankment erected by another railroad, thus leaving no outlet for a natural water course which, before such construction, ran across the defendant's right of way, and caused the water to back up and overflow the plaintiff's land, where the defendant offered to prove that its embankment did not change conditions which had existed long prior to the building of such embankment, and also offered to prove that the plaintiff had assisted in the work of closing the water course, and made various other offers to prove that it should not be liable for the entire damage, and all the offers were refused, *held* that the exclusion of such evidence was error.

3. RAILROADS, § 348*—*when evidence that embankment constructed by another railroad obstructed passage of water from land of adjoining owner is admissible.* In an action against a railroad for damages to land caused by the construction of a solid embankment about two hundred feet from such land and adjacent to a solid embankment erected by another railroad, thus leaving no outlet for a water course, and causing the water to back upon and overflow the plaintiff's land, *held* that the defendant had the right to show that the embankment of the other railroad had obstructed the passage of such water from the plaintiff's land at the time the defendant constructed its embankment.

4. JUDGMENT, § 40*—*when doctrine of res judicata applies.* The doctrine of *res judicata* does not apply unless it appears that the parties, the subject-matter and the cause of action are identical.

5. WATERS AND WATER COURSES, § 15*—*what is liability of wrongdoer overflowing land for wrongful acts of others.* In actions for damages to land by causing water to back upon and overflow such lands, the wrongdoer does not become responsible for the wrongful acts affecting the land committed independently by others.

6. ESTOPPEL, § 16*—*when doctrine of estoppel by verdict is applicable.* The doctrine of estoppel by verdict is but another branch of the doctrine of *res judicata*, and is applicable when some

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

controlling fact or matter material to the determination of both causes has been adjudicated in a former proceeding and the same fact or matter is again at issue between the same parties.

7.  EVIDENCE, § 323*—*when parol evidence is admissible to show testimony given and questions determined.* Where a judgment is offered in evidence in bar of a claim, and it is uncertain from the record what was adjudged, parol evidence is admissible to show what testimony was given and what questions were submitted for determination at the time the judgment was entered.